This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39003**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RYAN W. STEWART,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** A jury convicted Defendant Ryan Stewart of two counts of aggravated assault and one count of armed robbery. On appeal, Defendant seeks reversal of his two aggravated assault convictions, arguing that the district court erred by refusing to instruct the jury on defense of another. We affirm.

## DISCUSSION

**{2}** Defendant's convictions stem from his struggle with loss prevention employees at Sportsman's Warehouse after they attempted to stop Defendant and his girlfriend, Alexandria Preciado, for shoplifting. After observing the pair placing various items that belonged to Sportsman's Warehouse into Alexandria's bag, two members of the loss prevention team moved to confront them as they exited the store. A protracted scuffle ensued and ended when Defendant pulled out a weapon and Defendant and Alexandria left the store together.

**{3}** During trial, Defendant requested jury instructions on self-defense and defense of another, claiming that he was entitled to a defense of another instruction because he reasonably believed Alexandria was in imminent danger. Based on Defendant's testimony at trial, the district court granted the self-defense instruction but denied the defense of another instruction. We agree with the district court that the evidence presented at trial does not support the giving of a defense of another instruction.

**{4}** As an initial matter, we accept for purposes of this appeal that Defendant adequately preserved the issue for our review, despite two deficiencies. First, as the State points out, the instruction Defendant proffered is not in the record. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal."). This is not fatal in this instance because the district court read the contents of the proposed instruction aloud during a jury instruction conference at trial. Second, Defendant's proposed instruction failed to correctly track the uniform jury instructions for defense of another. *See* UJI 14-5184 NMRA (use of deadly force in defense of another); UJI 14-5182 NMRA (use of nondeadly force in defense of another). Nevertheless, "if the record reflects that the judge clearly understood the type of instruction the [d]efendant wanted and understood the tendered instruction needed to be modified to correctly state the law, then the issue is deemed preserved for appellate review." *State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537.

**{5}** Turning to the merits of Defendant's appeal, we note that Defendant's briefing does not specify which of the two uniform jury instructions on defense of another he believes should have been given—the one addressing the use of *deadly* force, *see* UJI 14-5184, or the one addressing the use of *non*deadly force, *see* UJI 14-5182.[1] Likewise, Defendant did not make this clear in the record below. Notwithstanding this, the instruction proposed by Defendant—while conforming to neither of the uniform instructions—characterized his conduct as justified by "an appearance of immediate danger of *great bodily harm* to Alexandria." For that reason, we proceed to review Defendant's argument as a request for UJI 14-5184, the instruction on defense of others using deadly force. *Compare* UJI 14-5184 (indicating that the use of deadly force in defense of another is justified when there is a danger of "great bodily harm" to another

---

[1]Defendant has offered no argument or authority as to which instruction is appropriate under the circumstances here, where Defendant's threatening conduct consisted of brandishing a knife without any resulting harm. This Court highlighted the issue in *State v. Hernandez*, A-1-CA-38028, mem. op. ¶¶ 6-8 (N.M. Ct. App. Oct. 21, 2021) (questioning "whether a person employs 'deadly force' by brandishing a weapon and threatening to use deadly force").

person), *with* UJI 14-5182 (indicating that the use of nondeadly force is justified when there is a danger of only "bodily harm" to another person).

**{6}** "The propriety of jury instructions is a mixed question of law and fact that we review de novo." *State v. Jones*, 2020-NMCA-029, ¶ 8, 464 P.3d 1079. "When, as in this case, a challenge to the jury instructions has been preserved, we review for reversible error." *State v. Ellis*, 2008-NMSC-032, ¶ 14, 144 N.M. 253, 186 P.3d 245. A defense of another instruction should be given if the evidence "is sufficient to allow reasonable minds to differ as to all elements of the defense." *State v. Lopez,* 2000-NMSC-003, ¶ 23, 128 N.M. 410, 993 P.2d 727 (internal quotation marks and citation omitted).

**{7}** Applying this standard and viewing the evidence in the light most favorable to giving the instruction, we conclude Defendant did not present sufficient evidence as to the first element of defense of another—whether "[t]here was an appearance of immediate danger of great bodily harm to Alexandria . . . as a result of the loss prevention team at Sportsman's Warehouse." In his brief, Defendant argues that he was justified in pulling out a weapon because "at the start of the encounter he thought that Alexandria was being choked." While the video evidence contradicts Defendant's characterization of these events, even if we were to accept Defendant's version, it would not support the giving of the instruction because approximately four minutes had elapsed between the initial encounter and when Defendant brandished a weapon. Put differently, the alleged choking does not support the view that Alexandria was in imminent danger four minutes later when Defendant brandished the weapon. We note as well that in the intervening period, Alexandria managed to escape the struggle with the loss prevention officers but instead of leaving, rejoined the fray.

**{8}** Defendant also makes a generalized assertion that he and Alexandria had "both been violently accosted, the struggle continued, and [Defendant] had reason to believe that Alexandia was in danger, even if she had been pulled out of view." This generalized assertion is insufficient to demonstrate an appearance of immediate danger of death or great bodily harm to Alexandria and is therefore insufficent to meet Defendant's burden to demonstrate error. *See State v. Widmer*, 2021-NMCA-003, ¶ 10, 482 P.3d 1254 ("Given the presumption of correctness in the district court's ruling, the party claiming error bears the burden of showing such error.").

**{9}** Having carefully reviewed Defendant's testimony and the evidence included in the record, we hold that Defendant did not present evidence that would allow reasonable minds to differ as to all elements of the defense of another. We affirm the district court's decision to deny Defendant's request for such an instruction.

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm.

**{11}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**